February 13.
Judge Cabell,
delivered the opinion of the court.*
This case presents the general question, whether a deed executed by a debtor conveying land to his creditor, and purporting to constitute him the trustee for selling the land, and applying the proceeds of sale to the payment of the debt due to himself, can be regarded otherwise than as a mere mortgage, to which the right of redemption is incident: or, in other words, whether a creditor thus constituted a trustee, can, by the mere authority derived from the deed, and without resort to a court of equity, sell the lands so as to bar the rights of the debtor, and those claiming under him.
*311 Where a third person, disinterested and indifferent between the parties, is constituted the trustee, it cannot now be questioned that lie possesses the powers claimed for the creditor in this case. We do not mean to insinuate that the court has gone too far in confirming these powers, and in sanctioning the summary proceedings to which they give rise: but we are of opinion, that it has gone far enough ; that it has gone as far as the purposes of convenience and justice require ; and that it cannot go farther, without opening a door to fraud and oppression. Although there is no decision which bears, expressly, on the point before us, yet the principles frequently declared in relation to the powers and duties of trustees in general, are utterly incompatible with the due exercise of those powers and duties by the creditor. Some of these principles will be found declared in the case of Lane vs. Tidbal.(d) It is there said, among other things, that a trustee, in a deed of trust, is to be considered as the agent of both parties; and that he ought to act impartially between them, Ac. It is surely not necessary, for the purpose now before us, to proceed farther in the enumeration. It must frequently happen, that the time, the place, and the manner of selling, will present questions of serious difficulty, and of great importance to the parties. The sum really due, at the time of sale, may also admit of much controversy. On all these points, as well as many others that might be mentioned, the interests of the parties may be, and frequently are, at direct variance i and to refer them, for adjustment, to the will of one party only, would be contrary to the clearest principles of na tural justice. That any man should execute a deed conferring such powers, with a belief that the deed will be obligatory on him, affords another proof of the maxim, that the borrower is a slave to the lender. This is one of those cases in which it becomes necessary to protect men from the effects of their own folly or imprudence.
*312 We are all, therefore, of opinion, that the deed in the record mentioned, did not give the power to sell the lands, so as to bar the right of redemption.
In pronouncing this opinion, we wish to be understood as confining ourselves to the case before the court, which is a case of real property. How far the same principle may, or may not, be applicable to a case of personal property, we wish to be understood as giving no intimation.
On these principles, if there were no other persons than the debtor and creditor, interested in this controversy, the court would not only reverse the decree, but provide for a sale under the directions of the court of chancery. But the person who purchased under the former sale, and who has the legal title, has not been made a party. Had he been before the court, he might have given a different aspect to the cause. He might have shewn, that although the sale cannot be justified on the sole ground of the powers derived from the deed, yet it ought to be confirmed in his favor, in consequence of the subsequent acts of the appellant. He ought, therefore, to have been a party ; and the chancellor erred in pronouncing a final decree, without affording an opportunity to bring him before the court.
It is proper to observe, that if the decree were free from the objection aforesaid, we should still have to reverse it for error against the appellee, Cox. The decree is erroneous, even on the principles on which it professes to proceed. The land sold for 626l. There was due to Cox the sum of 372l. Ss. 9d. which he is directed to retain; of course, he ought not to have been subjected to pay more than the balance, viz. 2,531. 16s. 3d. Yet he is decreed to pay that balance to the appellant j and the farther sum of 1201. to the appellee Thompson, with interest from January, 1804.
The decree is therefore reversed, and the cause remanded for farther proceedings, pursuant to the principles now declared.

 Judge Brooke absent from indisposition.

 Gilmer’s Rep. 130.