## M. A. THOMPSON v. JOHN S. HOUZE.

1. EQUITY JURISDICTION—MORTGAGE WITH POWER OF SALE.—When a mortgage contains a power to the mortgagee to sell the mortgaged premises, that power does not preclude the equitable remedy of foreclosure. The utmost that can be said is, that the power of sale is cumulative to the remedy by foreclosure. But on the contrary, so peremptory is the remedy by sale, so great the temptation to act oppressively or unfairly, and so completely is the debtor in the power of his creditor, that courts of equity will watch the proceedings very closely, and, on very slight cause, will construe the sale strictly against the mortgagee. And it is upon such considerations that this court, while upholding the power of sale as valid, has commended foreclosure in chancery as the better practice.

ERROR to the chancery court of Jackson county. HENDERSON, Chancellor.

The opinion of the court states the facts.

*Harris & George,* for appellant.

The appellee filed his bill in the court below to foreclose a mortgage given by appellant, with power of sale in the appellee. The mortgagor demurred to the bill, and assigned as cause, among other grounds, that the complainant's remedy was complete at law, and that the mortgagee had power to sell.

The demurrer was overruled, and the mortgagor appealed. The bill, which is the same as the mortgage exhibited with it, shows that on default of payment of the two notes secured by it, " the mortgagee, his heirs, etc., are hereby fully empowered and authorized to take possession of the property herein conveyed, and to sell the same at public auction, etc.,    *    *    * and to convey the same in fee simple to the purchaser; amount of the proceeds of said sale first to pay all expenses legally incurred, and then to retain the amount of the said notes (secured by the mortgage),    *    *    * and the overplus, if any, to pay to the mortgagor."

The bill alleges a demand of payment of the notes and a neglect to pay them.

But it makes no averment of any demand for possession under the mortgage, nor of any obstacle whatever in the way of a sale by the mortgagee, nor does it show that there was any disputed right to the premises, nor that there had been any partial payments, nor that any such were claimed, nor that there was any dispute or controversy between the parties, or reference thereto.

The case thus presents the naked question, whether a mortgagee, with power of sale contained in the mortgage, may refuse to exercise it without any excuse therefor, except his mere will, and go into a court of equity and ask a sale to be made under its supervision and decree.

It was said, by this court, in Wofford v. Board of Police, 44 Miss. 586, that the modern cases seem to hold that, " if the equity of redemption is not pressed before sale, it comes too late after it." And the right to go into equity in that case was put distinctly upon the ground, viz.: that two other persons were in possession of the mortgaged premises, setting up claim for them, and that the mortgagee had a right to remove the clouds arising from such possession and claim, and

that the sale should be made disembarrassed of all conflicting claims, so as to insure the market value of the property.

All the authorities which I can find are in favor of the validity of the bill and of the right to the relief here sought.

But we submit, that in this case there is a plain and adequate remedy at law. There was a provision in the deed that the mortgagee should take possession. The bill does not show any demand was made for possession or any necessity for resorting to chancery.

*Nugent & Yerger*, for appellee.

The bill to foreclose the mortgage in this case was demurred to, and the demurrer overruled. The only point for decision, therefore, is, was the decree overruling the demurrer proper? The whole case is presented upon the condition attached to the deed, which is in these words: " That if said notes, principal and interest, are fully paid at their respective maturity, it (the deed) is to become and be null and void; but should default be made in the payment of said notes at their respective maturity, or in either one of them, or any part of them, or either of them, then the said party of the second part, his heirs, assigns or legal representatives are hereby fully authorized and empowered to take possession of all the property herein conveyed, and to sell the same at public auction to the highest bidder for cash," etc., etc. And it is insisted that the parties having, by express contract, provided a remedy for the collection of the notes, it must be pursued to the exclusion of all others, the bill itself showing no reason why resort should be had to the chancery court.

The case of Wofford v. Board of Police, 44 Miss. 586, relied upon to sustain this view, is, we think, conclusive against it. In that very case the court sustained the bill, saying, in argument, that a sale

under the trust deed would not bar the equity of redemption. And this seems to be true as to a mortgage with power of sale at least. Turner v. Burchell, 3 Harr. & Johns. 99; Eaton v. Whiting, 3 Pick. 490. The deed under review is a mortgage with power of sale in the mortgagee, his heir or assigns; and however the first point may be viewed by the court, it has been uniformly held that, in such cases, the power of sale does not bar the mortgagee's right to foreclose by judicial proceedings, and that a sale may be made pending a bill to foreclose. Marriott v. Givens, 8 Ala. 694; Carradine v. O'Connor, 21 ib. 573; Morrison v. Bean, 15 Texas, 257; Burbane v. Stoughton, 17 Ohio, 482; Ford v. Russell, Freeman Ch. 42. It could scarcely be contended that the jurisdiction of a court of chancery could be diverted by any contract between individuals made *in pais*. If this could be done, the result might be that its jurisdiction might be altogether frittered away. Story Eq. Jur., §§ 64 *i*, 64 *k*.

At best, the remedy given by the power of sale in the mortgage is cumulative merely, and cannot affect the jurisdiction or proceedings of a court of chancery. Walton v. Cody, 1 Wis. 420.

There is another reason for invoking the aid of the chancery court in this case. The bill alleges that Thompson had made some additions to the machinery of the saw-mill sold him; had threatened to remove them, and would do so unless restrained by an injunction. The primary object was to obtain this restraining order, and the jurisdiction having once attached for this purpose, the court would, of course, go on to do complete justice, though in its progress it might decree on a matter which was cognizable at law. Cathcart v. Robinson, 5 Pet. 263; McRaven v. Forbes, 6 How. (Miss.) 569; Oliver v. Pray, 4 Ham. 175; Brown v. Gardner, Harring. Ch. 291, 420; Le Roy v. Platt, 4 Paige Ch. 77; Story Eq. Jur., §§ 64 *k*, 65–74, note.

Aside from all these considerations, mortgages with power of sale in the mortgagee are not looked upon with much favor by courts of chancery. Their validity was at first much questioned. They are viewed as a harsh remedy for the collection of debts; and it has been held that a sale under such powers must pursue strictly, as to time and place, the stipulations in the mortgage, or it will be held void. And not only this, but the question may still be regarded as extremely doubtful, whether the mortgagee can buy at his sale in the execution of the power conferred. The preponderance of authority is against it. Robinson v. Cullom, 41 Ala. 693; Hall v. Towne, 45 Ill. 493; Burr. v. Robinson, 25 Ark. 277; 4 Kent Com. side page 146.

This very strictness in reference to sales under powers contained in mortgages, and the very grave doubt as to the ability of the mortgagor to protect his debt by a purchase of the property mortgaged, almost of necessity force the mortgagor to invoke the aid of a court of equity. There is no pretense that the entire mortgage debt is not due, nor that the deed itself is in all respects a fair and legal mortgage; and it would appear anomalous if the accident of the power of sale could be construed so as to defeat the operative effect of the mortgage or oust the court of its jurisdiction.

SIMRALL, J.:

The specific objection taken in the demurrer to the bill, and urged by counsel in this court is, that the remedy at law is adequate. The mortgage confers upon the mortgagee a power of sale, upon default made in the performance of the conditions; that is, non-payment of the money; therefore there was no necessity, as urged by counsel for appellant, to bring this foreclosure suit. Such securities as this, upon their first introduction into use, encountered the serious opposition for a time of the equity courts. It was thought

to be too peremptory and harsh upon the debtor. The
equity of redemption being a favorite with the court,
and the old doctrine being that the mortgagor could
not by a covenant in the deed bind himself not to
claim or waive it, it was supposed to be curtailment
of this right to confer upon the mortgagee a power to
cut it off by a sale *in pais*. As mortgages have come
in modern times to be more especially and emphatically
regarded as securities for debts, in order to avoid the
delays and expenses incident to a foreclosure of the ordi-
nary and usual equity of redemption, it is now coming
into common use to give the mortgagee the power of sale.

The controversy heretofore has been, not whether
the mortgagee could execute the power *in pais*, but
whether he must not obtain the sanction of a court of
chancery to the sale. The position which he bore to
his debtor gave him, it was thought, the opportunity
to act oppositely. He is made trustee of the equity of
redemption, with power to dispose of it without the
consent and against the interests of the mortgagor.
Upon such considerations the learned chancellor, in
Ford v. Russell, Freeman Ch. 48, determined that a
mortgagee could not make a valid sale without the
sanction of the court. The power of sale does not
alter the redeemable character of the instrument.
The equity of redemption subsists in the mortgagor
so long as the power has not been executed. Eaton v.
Whiting, 3 Pick. 490.

It was very strongly intimated, in 1 Rand. 306, that
a sale did not cut off the equity of redemption. The
great weight of authority, as said in Wofford v. Board
of Police of Holmes county, 44 Miss., is, that a sale by
the mortgagee extinguishes the equity of redemption.
The title is conveyed to the mortgagee with a power
to transfer it when a contingency arises for a sale. It
is like an authority constituting an attorney in fact.
Smith v. Bovin, 6 Allen (Mass.), 518. But because

there is conferred upon the mortgagee a power of sale, his right to foreclose by judicial proceedings is not barred. 1 Hill. Mort. 129 ; Marriott v. Givens, 8 Ala. 694 ; 21 ib. 573. The utmost that can be said of it is that the remedy is cumulative.

So peremptory is the remedy by sale, so great is the temptation to act unfairly and oppressively, so absolute is the power over the mortgagor, to determine the time of sale, to state the account, and act as commissioner in his own case, that the courts will watch very closely the mortgagee's proceedings, and for the least unfairness or excess, or for anything affecting competition, the sale will be strictly construed as against the mortgagee. Longwith v. Gilmer, 3 Gilm. (Ill.) 32 ; 1 Hill. Mort. 131. Influenced by such considerations, this court, whilst upholding the power as valid, in Hyde v. Warren, 46 Miss. 29, commended a resort to chancery for a foreclosure decree as the better practice.

We think that a sale made by the mortgagee under the power in this deed would have the same effect as a sale by a trustee, under the ordinary deeds in trust, so far as the equity of redemption would be concerned— that is, it would be cut off.

The decree of the chancellor is affirmed, and cause remanded with leave to defendant to answer in forty days from this date.