## MOSES MARX *v.* ZIAS D. DAVIS.

1. DEED OF TRUST. *Substituted property. Chancery jurisdiction.*

Where a debtor gives a trust-deed on certain animals, and all other live stock that he may own during the year, and subsequently exchanges one of the animals named in the deed for another not embraced therein, the trustee can maintain a bill in chancery to foreclose the deed of trust by the sale of the substituted animal.

2. SAME. *Action at law. Foreclosure in chancery.*

The fact that a trustee or mortgagee, after condition broken, may sue at law for the mortgaged property, does not preclude him from filing a bill in chancery for the foreclosure of the deed of trust or mortgage, and the sale of the property.

3. CHANCERY PRACTICE. *Remanded case. Mandate.*

The chancellor to whose court a case has been remanded may read the papers in such case, in order to understand and execute the mandate.

APPEAL from the Chancery Court of Copiah County.

Hon. E. G. PEYTON, Chancellor.

Zias D. Davis, trustee in a deed of trust executed by Samuel Jackson upon certain described animals, and " all other live stock that he may own during the year," with power to take and sell the property and pay a debt owed by Jackson to B. F. Martin, filed this bill against Jackson and Moses Marx, alleging that the latter had possession of two animals, one of which, a mule, was included in the original deed, and the other, a strawberry-roan horse, had been by Marx traded to Jackson for a bay horse, which Jackson had acquired by exchanging therefor an iron-gray horse which was oirginally included in the deed. From a decree awarding the strawberry-roan horse to Marx and the mule to Davis, both parties appealed; but Marx assigning no error, the decree was re-

versed, and a mandate sent down directing the Chancery Court " to ascertain the value of the bay horse received by Marx from Jackson, and to order the sale of the strawberry-roan horse, and out of the proceeds to deduct the value of the bay horse, and pay them over to the complainant." When the case came on again for hearing in the Chancery Court, Davis proposed to read in evidence the record of the case, — a transcript whereof had been sent to the Supreme Court on the appeal, — in order to explain the mandate sent down from that court ; to which proceeding Marx objected, but his objection was overruled, and the record was read. The chancellor's decree copied his first decree as to the mule, and followed the mandate as to the strawberry-roan horse ; and thereupon Marx appealed.

*R. N. Miller*, for the appellant.

Marx and Davis both appealed from the decree giving the mule to Davis. The Supreme Court *reversed* that decree *in toto*, and directed what decree should be rendered. The lower court disregarded the mandate, giving both the bay horse and mule to Davis. The mandate of the court limits the powers of the inferior court. The last decree is erroneous as to the mule, and Davis must be satisfied with the value of the bay horse, and pay the costs.

*J. A. Brown*, on the same side.

Equity will not entertain the bill if the complainant's remedy at law is clear and unembarrassed. *Shotwell* v. *Lawson*, 30 Miss. 27 ; *Echols* v. *Hammond*, 30 Miss. 177 ; *Haynes* v. *Thompson*, 34 Miss. 1 ; *Boyd* v. *Swing*, 38 Miss. 182, 197 ; *Garland* v. *Hull*, 13 Smed. & M. 76. Manifestly, replevin or trover was Davis's remedy. *Bowyer* v. *Creigle*, 3 Rand. 25–32. This objection may be made in the Supreme Court for the first time. *Green* v. *Creighton*, 10 Smed. & M. 159. This defect cannot be waived. *Berrett* v. *Oliver*, 7 Gill & J. 191, 207. Nor cured by any course of proceeding by the parties. Story's Eq. Pl., sect. 10. But the objection of an adequate legal remedy is fatal to the proceeding, at whatever stage it is raised. *Charleston Ins. Co.* v. *Potter*, 3 Desau. 6,

10.  It is a case of want of jurisdiction of the subject-matter, and the court can enter no decree but a dismissal.  *Brown* v. *Bank*, 31 Miss. 454.

*H. B. Mayes*, for the appellee.

An inspection of the record will show that the chancellor followed in his decree, now appealed from, the directions of this court in *Davis* v. *Marx*, 55 Miss. 376.  On the cross-appeal, Marx did not complain that the mule was awarded to Davis, and cannot do so now.  *Caston* v. *Caston*, 54 Miss. 513.  He is appealing from a decree of this court.

CHALMERS, J., delivered the opinion of the court.

It is objected in this court, for the first time, that the legal title to the animals in controversy was in the trustee after condition broken, and that, inasmuch as he could have maintained trover or replevin, he is debarred from filing his bill for foreclosure.

Only one of the animals here involved was embraced in the trust-deed, the other having been procured by the debtor in exchange for a different animal, which was originally owned by him and was embraced.  In order to reach the substituted animal, therefore, it was necessary to go into equity.  Apart from this, however, the fact that a trustee or mortgageor, after condition broken, may sue at law for the mortgaged property, does not preclude the filing of a bill for a foreclosure by sale, any more than a power of sale contained in a mortgage defeats the jurisdiction of a court of equity to order a sale.  Herm. on Chat. Mort., sect. 206 ; *Bryan* v. *Richardson*, 1 Strobh. Eq. 334 ; *Jones* v. *Henry*, 3 Litt. 46 ; *McAllister* v. *Plant*, 54 Miss. 108 ; *Thompson* v. *Howze*, 48 Miss. 444.

The objection that the chancellor permitted the reading of the papers in the case before him, on file in his own court, with a view of intelligently executing the mandate of this court, issued when this case was heretofore before us (55 Miss. 376), strikes us as being altogether novel, and certainly without merit.

Decree affirmed.