[Sac. No. 388.   Department One.—November 21, 1898.]

PETER ALFERITZ, Appellant, v. S. J. PERKINS, Respondent.

CHATTEL MORTGAGE UPON SHEEP—SUBSTITUTION OF EWES—COMMINGLING—ATTACHMENT AND SALE.—Where the holder of a chattel mortgage upon sheep consented to a substitution of a portion of the mortgaged number of wethers by exchange with a third party for an equal number of ewes, and the exchanged sheep were not taken into possession under the mortgage by the mortgagee, and lambs were borne by the ewes, and the whole were so confused and commingled that it was impossible to separate and identify the mortgaged from the unmortgaged sheep, an attachment and sale of a number of the ewes and lambs will not make the officer liable to the chattel mortgagee for conversion thereof.

ID.—EQUITABLE RIGHT TO SUBSTITUTED SHEEP AND OFFSPRING.—The equitable right of the mortgagee to the substituted sheep and their offspring, before possession taken thereof under the mortgage, cannot affect the right of another creditor to attach the number of ewes substituted and their offspring, there being nothing to distinguish them from those originally mortgaged.

APPEAL from a judgment of the Superior Court of Madera county. W. M. Conley, Judge.

The facts are stated in the opinion.

Raleigh E. Rhodes, Lyman I. Mowry, and J. J. Dunne, for Appellant.

Robert L. Hargrove, for Respondent.

HAYNES, C.—This appeal is from the judgment upon the judgment-roll. The findings show the following facts:

On December 7, 1893, one Miguel Lujea executed his promissory note to the plaintiff for the sum of three thousand six hundred dollars, payable six months after date, and on the same day executed to the plaintiff, as security therefor, a chattel mortgage upon two thousand head of sheep then owned by him and in his possession in the county of Fresno, and in which the mortgaged property was described as follows: "Two thousand sheep and the increase thereof, two mules and two horses, now in the county of Fresno, state of California."

This mortgage was in all respects duly executed, and was recorded in Fresno county, and afterward in the counties of Mariposa, Stanislaus, and Madera, and was made in good faith to secure said note and certain advances therein provided for.

That in 1894 the mortgagor, being then in the county of Mono with said sheep, with the consent of the plaintiff, exchanged five hundred wethers, part of said two thousand sheep, to another party for five hundred ewes which were mingled with the remaining fifteen hundred so mortgaged, and thereafter could not be distinguished from them. That in January, 1895, there were born to the ewes of said band of two thousand sheep one thousand lambs.

That in May, 1894, Rosenthal and Kutner brought suit in justice's court in the county of Madera against said Lujea, the mortgagor, and procured a writ of attachment to be issued, under which the defendant in this action, a constable, attached three hundred and twenty of said lambs, and afterward sold the same for the sum of two hundred and eighty-eight dollars; and this action is prosecuted to recover from the defendant (said constable) the value of said three hundred and twenty lambs so attached and sold, and damages; and on the facts so found the court gave judgment for the defendant.

Several grounds are urged by respondent in support of the

judgment, and each ground is combatted and elaborately argued on behalf of appellant.

These grounds, as stated by respondent, are as follows: "1. The description, 'two thousand sheep and the increase, thereof,' is insufficient and void as against respondent; 2. The mortgage did not cover the offspring of the ewes; 3. That the alleged mortgaged property was so confused and mingled with the unmortgaged property as to render it impossible to identify and segregate the same," 4. That an action for the conversion of the property will not lie.

Our conclusion is, that the judgment should be affirmed upon the third ground above stated, and therefore a decision of the other questions presented and discussed is unnecessary; since if they were each resolved in favor of appellant, the result would be in no wise affected.

The findings that five hundred wethers, part of the two thousand sheep mortgaged, were exchanged with a third party for five hundred ewes, which were commingled with the remaining fifteen hundred, and could not thereafter be distinguished therefrom, and that said exchange was made with the consent of the plaintiff, and that one thousand lambs were born by the ewes of said band of sheep, are clear and unequivocal.

In Jones on Chattel Mortgages, sec. 483, it is said: "If the mortgagee, by his fault or neglect, permit the mortgaged goods to be intermingled by the mortgagor so that an officer having a writ of execution against the latter is unable, after making reasonable inquiry and effort, to distinguish them, and the mortgagee does not himself identify and point them out, the officer is justified in taking and selling the whole as the property of the debtor. . . . . The mortgage being ineffectual at law to convey the subsequently acquired goods, these are subject to seizure upon execution by a judgment creditor of the mortgagor; and the confusion of goods having taken place by the permissive act of the mortgagee, he is not allowed to defeat the rights of the judgment creditor by claiming the goods under his mortgage." (See, also, Cobbey on Chattel Mortgages, sec. 765, and numerous cases cited by both authors, and the doctrine of these cases is based upon the familiar rule in relation to the confusion of goods.)

Upon this point appellant cites three cases, namely: *Abbott v. Goodwin,* 20 Me. 408, *Allen v. Goodnow,* 71 Me. 420; *Davis v. Marks,* 55 Miss. 376. It is not necessary to review these cases, in all of which there was given to the mortgagor the power of sale and the substitution of other goods. But, conceding that they support appellant's contention, the great weight of authority and of reason supports the doctrine above quoted from Jones on Chattel Mortgages.

We do not doubt that as between the mortgagor and the mortgagee the five hundred ewes acquired by the exchange and mingled with the remaining fifteen hundred could have been taken by the plaintiff under the mortgage, and, if possession had been taken by the plaintiff before the attachment was levied, his right to the whole band would have been undoubted. But until possession taken, his right to the five hundred ewes so brought into the band was merely an equitable right which could not affect the right of another creditor to attach, there being nothing to distinguish them from those originally mortgaged; and it is equally true that no one could select from the thousand lambs those that sprang from the ewes not mortgaged. Hence it is immaterial, so far as this case is concerned, whether the mortgage was originally valid or not, or whether the increase born in 1895 were covered by it, or whether the three hundred and twenty lambs seized and sold under the attachment were the offspring of the five hundred ewes for which the wethers were exchanged. We therefore advise that the judgment be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Garoutte, J., Harrison, J., Van Fleet, J.