Smith *v.* Hubbard and others.

SMITH *v.* HUBBARD and others.

(*Nashville.* January 4th, 1887.)

1. SUPREME COURT PRACTICE. *Finding of Judge where jury is waived. Weight of. Vitiated by error. Case not remanded, when.*

   Under the practice of this Court, the finding of a Circuit Judge, upon the facts of a case, where a jury is waived, has the same weight as the verdict of a jury; but where it appears that he admitted and considered illegal testimony, material in its character, or misconceived the law applicable to the case, on a material question, his finding will be set aside and a new trial granted; and this Court, without remanding the case, will determine it properly, and pronounce such judgment as the Circuit Judge should have rendered.

   Cases cited and approved: As to weight of Judge's finding: Folwell *v.* Laird, 12 Heis., 464; Mabry *v.* Memphis, 12 Heis., 539; State Ins. Co. *v.* Hughes, 10 Lea, 462.

   As to judgment without remanding: Boothe *v.* Allen, 4 Heis., 258; Fogg *v.* Gibbs, 8 Bax., 469; (Wheeler *v.* State, 9 Heis., 393; Singleton *v.* Wesson, Post, p. ——; but see Hurly *v.* Buchi, 10 Lea, 346; and Settle *v.* Marlow, 12 Lea, 472, as to what cases will be remanded).

2. ASSIGNMENT. *Of contract to pay for bridge. Complete without notice to debtor.*

   A written contract, made by County Bridge Commissioners with a bridge builder, to pay him, upon the completion of a specified bridge, the sum of $1,000, "as fast as the Tax Collector should collect the same," is not negotiable by the law merchant, but is assignable by statute; and the legal title passes, by the assignment and delivery of such contract, to the assignee, who may sue thereon in his own name; and no notice to the debtor is necessary to complete the assignment.

   Code cited: ₴ 2724 (M. & V.); ₴ 1967 (T. & S.)

   Cases cited and approved: Insurance Co. *v.* Hamilton, 5 Sneed, 269; Gayoso Sav. Inst. *v.* Fellows, 6 Cold., 471.

   Cited and distinguished: Clodfelter *v.* Cox, 1 Sneed, 330.

Smith *v.* Hubbard and others.

3. BRIDGE COMMISSIONERS. *Personal liability.*

Where in such case the Bridge Commissioners receive the money from the Tax Collector to pay for the bridge, and wrongfully withhold it after completion and acceptance of the bridge, they render themselves personally liable to the builder or his assignee.

4. SAME. *Not discharged by payment to assignor.*

Payment made to the assignor by the Bridge Commissioners, after the assignment and delivery of such contract to the assignee, is wrongful, and does not discharge them from liability to the assignee, even if made in ignorance of the assignment.

5. COUNTY BRIDGE. *Acceptance by user. Approval by viewers.*

The proof fails to make out the defense of non-acceptance of a county bridge, where it shows that the bridge was approved by a jury of view appointed to inspect it; was used by the public for five years without objection, and was a serviceable and durable structure, the defects complained of being of a trivial character and involving small cost.

6. PRINCIPAL AND AGENT. *Assignment by agent of contract in principal's name. Authority of agent.*

In an action by the assignee of a contract for the sale of a bridge and for its erection, to recover the money due, where it appears that the assignment was made by the agent of the bridge company, and that the agent had the sole authority to sell the company's bridges in the State, and that he was authorized to sign contracts for the sale of bridges in the company's name, and then purchase the bridges of it, and erect them at his own expense, and receive all the profits; and it further appears that the money for the purchase and erection of the bridge described in the contract in suit was furnished by the plaintiff. *Held:* That the agent had authority to assign the contract.

---

FROM SMITH.

---

Appeal in error from the Circuit Court of Smith County.

JORDAN & FORD for Hubbard.

SMITH & HALE for Smith.

LURTON, J. The defendants, being commissioners under appointment of the County Court of Smith County, entered into a contract in writing with Z. King & Son, for the purchase and erection of a bridge, and upon completion of the bridge according to contract they agreed to pay, " as fast as the Tax Collector should collect the same," the sum of $1,000. This agreement was signed by King & Son, per Thos. Waters, agent, and by the defendants, who style themselves in the body of the instrument "Bridge Commissioners." This contract is dated February 9th, 1874, and the bridge was to be completed by October 15th, 1874. On the 7th of April, 1874, and long before completion of the work, there was indorsed upon the back of the contract an order upon the defendants to pay the $1,000 therein agreed to be paid, to the plaintiff, B. F. C. Smith, "the same being transferred to him for a valuable consideration."

The sum of $500 was paid to Smith by the defendants March 23d, 1875.

Payment of the remainder being refused, suit was brought against defendants personally, upon this agreement, for the balance due, in the Circuit Court of Smith County.

The cause was heard by the Circuit Judge, no jury being demanded by the pleadings. There is a special finding of fact and law by His Honor, and from the judgment based thereon, giving to plaintiff one-half of the amount sued for, both parties have appealed. There is a full bill of ex-

ceptions, showing all the proof heard upon the trial below. The cause was heard by the Commission of Referees, who have reported in favor of a reversal of the Circuit Judge, and ·recommend judgment here for the full amount for which plaintiff sues. Exceptions, opening up practically the whole case, have been filed by defendants. Where the parties waive a jury and submit facts and law to the Circuit Judge, this Court has frequently held that the facts, as found by the Circuit Judge, will be treated with the same weight as if found by a jury; and this, for° the reason that the parties have, by waiving a jury, chosen to submit the facts to the Judge *as if a jury*. He, with respect to the facts, is to be treated as a jury, and this is the plain effect of the waiver of a jury. *Folwill* v. *Laird*, 12 Heis., 464; *Mabry* v. *The Mayor*, 12 Heis., 539; *State Insurance Company* v. *Hughes*, 10 Lea, 462.

But if in the trial of the cause the Judge commit an error, as in the admission of incompetent proof, material in its character, the judgment of the Circuit Court will be set aside for such error, and this Court will render such judgment upon a consideration of all the competent proof, as the Circuit Judge ought to have rendered. *Boothe* v. *Allen*, 4 Heis., 258; *Fogg* v. *Gibbs*, 8 Bax., 469.

The statement of the Court in the latter case, that "we do not reverse for erroneous testimony admitted, but will affirm the judgment if the

record contains legal testimony sufficient to sustain
it," must be taken to mean, that if, excluding
the incompetent evidence, the judgment of the
Circuit Judge appears to this Court to be the
judgment he ought to have rendered, such judg-
ment will be affirmed.    The effect of material in-
competent evidence must be treated as affecting
the conclusion of the Circuit Judge upon the
facts, just as it would that of a jury.    In the
latter case the cause is remanded for a new trial,
while in the former the finding of fact is stripped
of the high degree of presumption attached to it
otherwise, and this Court will try the cause, as
he originally tried it, and render such judgment
as he ought to have rendered.    And so as in the
case of *Fogg* v. *Gibbs*, 8 Bax., 469, if it appears
that there is competent evidence to support the
judgment this Court will not reverse, but affirm.
This result being reached by reason of the fact
that the weight of the evidence, excluding that
which was illegally heard by the Circuit Judge, is
upon the side of the affirmance.

The result is the same, where the record shows
that the Circuit Judge has made a wrong appli-
cation of the law affecting the case.    The result
must be the same as an erroneous charge to a
jury.    We have no right to speculate as to the
effect upon the conclusion of the Circuit Judge,
where we can see that he has misconceived a
material question of law directly applicable to the
case.    It may be that he would have reached the

Smith *v.* Hubbard and others.

same result upon his conception of the facts, but
we have no right to assume that he would.    The
weight otherwise attached to his finding of fact,
can no longer be given to his judgment.    We
must examine and weigh the facts, and render
such judgment as he ought to have rendered.
Submitted to this test, if it appear that his judg-
ment was correct, notwithstanding erroneous find-
ing of law, then it will be affirmed, otherwise
we will render such judgment, upon the consid-
eration of the whole case, as he ought to have
rendered.    And this we understand to be the
practice of this Court.    The Honorable Commis-
sion of Referees have followed this practice in
this case, and report that the Circuit Judge mis-
conceived the law upon a material matter, and
they therefore recommend what is in effect a new
trial here, and the rendition of such judgment as,
upon the facts, the Circuit Judge ought to have
rendered.

The error in the judgment of the Circuit Court
relied upon by complainant, is an express finding
of the Circuit Judge, that the agreement upon
which this suit was brought was not negotiable,
"and that before plaintiff can recover of defend-
ants the price of the building of the bridge he
must notify at least two of the defendants that
he is entitled to receive the money, and get them
to accept the order."    The Court found that such
notice was not given until after $250 had been
paid by defendants to Waters, agent of the as-

signors, and that this payment to Waters, though after transfer and assignment to plaintiff, was a good payment, and a credit on the amount due under the agreement. Judgment was given in favor of plaintiff for $250, balance due after crediting the $250 paid the assignor, and the $500 paid to plaintiff himself before suit. We are of opinion that this finding contains two distinct errors. The agreement upon which this suit was brought is an agreement to pay the sum of $1,000 upon the completion of the bridge described therein. While not negotiable, or the subject of assignment under the law merchant, yet it is unquestionably assignable, so that the legal title passes to the assignee, who may, as was done in this case, and without objection, bring suit in his own name, under and by virtue of our statute. New Code, § 2724. Being assignable by law, it is not such a chose in action, as that assignment takes effect only upon notice to the debtor.

The doctrine of *Clodfelter* v. *Cox*, 1 Sneed, 330, is not applicable upon the assignment of instruments which, though not negotiable by the law merchant, are made assignable by law so as to pass the legal interest and entitle the assignee to sue in his own name. *Mutual Protection Company* v. *Hamilton*, 5 Sneed, 269; *Gayoso Savings Institution* v. *Fellows*, 6 Cold., 471.

This instrument was actually delivered to the assignee, and the assignment or order for payment of the money therein contracted to be paid in-

dorsed on the back thereof. At the time of the
payment to the assignor he had parted with this
contract; it was not in his possession, and his as-
signment passed the legal interest and title to the
assignee. No notice of this assignment was nec-
essary to perfect the title and right of the as-
signee to sue upon this contract. If the agree-
ment had been left in the hands of the assignor,
and the payees thereby misled, and having no
notice of the assignment, a different question would
have arisen. But under the facts, as found by
the Circuit Judge, no such state of facts appear.
But if notice had been necessary, we think that
notice to one of these commissioners would have
been notice to all, and that notice to two would
have been no better as matter of law than notice
to all. These errors of law in the findings of
the Circuit Judge being material, we must set aside
his judgment, and upon all the facts render such
judgment as he ought to have rendered.

Three defenses are made in argument. The first
is that Waters, as agent, had no authority to as-
sign. The plea of non - assignment is properly
filed, and this question is fairly presented for con-
sideration. The contract was made with Waters
as agent. The assignment is made by him as agent.
He testifies that under his arrangement with King
& Son, the contracts were to be taken for their
make of bridges, in their name. That he had
authority then to buy from them the bridge and
put it up at his own expense, or send contract

to them, when they would furnish the material and build the bridge. In the first case he made all the profit, and in the second they paid him a commission. He says that in this instance he contracted in their name, but bought the bridge from them and built it *in situ* at his own expense, the money to pay for the bridge, and expense of putting it up being furnished him by the plaintiff, Smith. He says he alone had authority to buy or sell the bridges of King & Son in this State. Under these facts we think the defense of non-assignment fails.

The second defense is that the bridge was not built according to contract, the defect alleged being that a cement dam was not constructed as required, and that for this reason the bridge has never been accepted. The proof does not sustain the argument that there has been no acceptance. The bridge has been in use by the public, for whose use it was built, for about five years before this suit was brought. The action and report of a jury of view, appointed by the County Court after erection of the bridge, indicates, as does the long use, an acceptance. The bridge is proven to be serviceable and a durable structure. The defect in the contract seems, by the proof, of trivial character, and one which may be supplied at small cost. There being no plea of set-off or recoupment, and we being satisfied that the contract has been substantially complied with, are content to affirm the Referees in their holding, that the de-

fense that the bridge has not been received is not made out. The payment of $250 made to Waters was made after the assignment and delivery of the agreement, and we are likewise satisfied from all the proof and circumstances, after notice to at least one, and probably two, of the defendant commissioners. The loss must fall upon them. They were not misled by the possession of the agreement at time of payment by assignor. They do not show when this payment was made with any sort of definiteness. They do show date of each of the payments made, other than this, and by production of receipt. They neither produce Waters' receipt, or account for its loss, or attempt to fix date by their book of accounts. The defense that they ought not to be made personally liable is not made by any plea. The declaration charges that they received from the Tax Collector the $1,000 which they agreed to pay. This is not traversed. The proof shows that they did receive from the Tax Collector, November 13th, 1874, $250, March 23d, 1876, $500—paid on their order to this plaintiff—and May 1st, 1876, $250 more. They have wrongfully withheld $500 of this sum, and plaintiff is entitled to judgment for that amount, with interest from January 1st, 1877.

Report of Referees confirmed.