Naill and Naill, Complainant, Appellant, *v.* R. H. H. Blackwell et al., Defendants, Appellees.*

(*Nashville,* December Term, 1931.)

Opinion filed July 2, 1932.

---

*As to necessity of notice of assignment to·debtor, see 2 R. C. L., 622, 623; R. C. L. Perm. Supp., p. 521.

616

HODGES & CREEKMORF, for complainant, appellant.

T. R. BANDY, L. D. SMITH, Attorney-General, JOHN L. NEELY, Assistant Attorney-General, W. E. STEGER, NORMAN R. MINICK, Jos. HIGGINS, and LEE, PRICE, McDERMOTT & MEEK, for defendants, appellees.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The appeal of the National Surety Company, assignee of Naill and Naill, presents a contest between the Surety Company and the trustee in bankruptcy of its assignor, with regard to a fund paid into court by Blackwell as the debtor of the assignor, bankrupt.

The material facts may be taken from the decree of the Chancellor.

The debt, then a contractual obligation due or to become due from Blackwell to Naill and Naill, was assigned by the latter firm to the National Surety Company, for a present consideration, in March, 1929. Notice of the assignment was not given by the National Surety Company to the debtor, Blackwell, until April 12, 1930, which was within four months of the date the petition in bankruptcy was filed against Naill and Naill, July 2, 1930. At the date the assignment was executed, the assignor was solvent, and no fraud is in fact imputed to the parties in the making of the assignment.

The Chancellor ruled that the assignment was valid as between the Surety Company and the assignor from the date of its execution in 1929, but that it was not valid or effective as against creditors of Naill and Naill until April 12, 1930, the date the assignment was perfected by notice of the assignment to the debtor. It was accordingly held by the Chancellor that the assignment constituted an invalid or void preference under section 60 (a) of the Federal Bankruptcy Act: "because said assignment or assignments were not perfected by notice to the debtor until within less than four months of the bankruptcy of the assignor, and said assignor was insolvent in the bankruptcy sense at the time said assignment or assignments were perfected by the giving of such notice to the debtor."

The effect of the holding of the Chancellor is that the assignment was a transfer of the property of the bankrupt made within four months before the filing of the petition in bankruptcy, within the contemplation of the section of the Bankruptcy Act cited.

█ This holding rests upon the rule enforced in this jurisdiction that "the assignment of a chose in action is not complete, so as to vest the title absolutely in the assignee, until notice of the assignment to the debtor; and this not only as regards the debtor, but likewise as to third persons. . . . To perfect the assignment not merely as against the debtor, but also as against creditors and subsequent *bona fide* purchasers, notice must be given." *Clodfelter* v. *Cox,* 33 Tenn. (1 Sneed), 330, 60 Am. Dec., 157.

This rule is not followed by a majority of the states. See cases collected in a note to 52 A. L. R., 109. It has, however, been followed consistently by this court. *Cass* v. *Smith,* 146 Tenn., 218, 233, 240 S. W., 778; *Willis* v. *Mann Const. Co.,* 145 Tenn. 318, 236 S. W., 282; *Peters* v. *Goetz,* 136 Tenn. 257, 188 S. W., 1144.

But this court has not held that such an assignment, without notice to the debtor, is not valid and effective as between the assignor and assignee. Nor have we found any holding of this court that mere insolvency of the assignor, intervening between the making of the assignment and the giving of notice to the debtor, will operate to prevent completion of the assignment as to all persons by the giving of notice.

█ The cases cited hold that a subsequent assignment, with notice to the debtor, the filing of a general creditors' bill, or an attachment of the chose in action by a creditor of the assignor, will defeat such an assignment of which notice has not been given to the debtor. If, however, notice is given before the rights of other creditors of the assignor are perfected in one of the means enumerated, the assignment is given effect as of the date the assignment was made, and not merely as

of the date of the notice. *Sullivan* v. *Myer,* 137 Tenn., 412, 193 S. W., 124.

Failure of the assignee to give notice of his assignment to the debtor does not, therefore, leave in the assignor any right, legal or equitable, to make other disposition of the subject-matter of the assignment. If he does so, or if the debtor pays the assignor, without notice of the assignment, and the assignee is defeated in his right, it is because he has failed to comply with a requirement of law, of judicial origin, the reason for which is not entirely clear. *Dinsmore* v. *Boyd,* 74 Tenn. (6 Lea), 689.

Notice of the assignment having been given to the debtor prior to the filing of the petition in bankruptcy, the assignment was then completed and consummated, and title to the debt did not pass to the assignor's trustee in bankruptcy under any of the subsections of section 70 of the Bankruptcy Act. The trustee must recover, if at all, on the theory that the date of the notice was the date of the assignment or transfer, and that the assignment was, therefore, made within four months of the filing of the petition in bankruptcy.

We think the question is ruled, contrary to the contentions of the trustee in bankruptcy, by *Sullivan* v. *Myer,* above cited. In that case Myer conveyed a stock of merchandise to Bradford and Kennedy, taking promissory notes for the consideration, payable monthly over a period of four years. By the contract of purchase and sale, Bradford and Kennedy agreed to keep the stock of merchandise, with its accretion, insured against loss by fire, for the benefit of Myer. This contract was complied with for a period of two years, the insurance policies being renewed at expiration, some of them within

four months of the bankruptcy of Bradford and Kennedy. The insurance policies contained a loss payable clause in favor of Myer, but manual possession of the policies was retained by Bradford and Kennedy. The merchandise having been destroyed by fire, Myer was held to be entitled to collect his debt from the proceeds of the policies. The loss payable clause in favor of Myer was in effect an assignment of the proceeds of the policies to Myer, and since some of them were issued within four months of the bankruptcy, the assignments were executed, as well as notice given, within the four-months' period. This fact was considered by this court as not defeating Myer's security, the court saying: ''Under the contract to keep the stock insured for Myer's benefit, nothing else could have been contemplated, nothing else expected, than that on the expiration of any policy it would be renewed for the same purpose, or another put in its place. Therefore the renewals, not only as between Bradford & Kennedy and Myer, but as to all others who might become subsequently interested in them, including the trustee in bankruptcy, related back to the date of the original agreement.''

In the case before us the notice given by the Surety Company to Blackwell, within four months of the petition in bankruptcy, was not the result of any right acquired by the Surety Company within the four-months' period, but the notice was given pursuant to a right acquired by the assignment made twelve months previous. The giving of the notice was certainly contemplated and expected by the parties to the assignment, and since it was given before the petition in bankruptcy was filed, we think the notice should be related to the date of the original assignment.

In view of the fact that in most jurisdictions, a written assignment of a chose in action is effective as to all other creditors of the assignor without notice to the debtor, express rulings on the question here presented have not been found. In principle the conclusion we reach is sustained by opinions of the Supreme Court of the United States. *Benedict* v. *Ratner,* 268 U. S., 353, 69 L. Ed., 991; *Sexton* v. *Kessler & Co.,* 225 U. S., 90, 56 L. Ed., 995; *Carey* v. *Donohue,* 240 U. S., 430, 60 L. Ed., 726; *Thompson* v. *Fairbanks,* 196 U. S., 516, 49 L. Ed., 577; *Humphrey* v. *Tatman,* 198 U. S., 91, 48 L. Ed., 956.

The assignee's right to the assigned debt was perfected under the state law by notice of the debtor, prior to the bankruptcy, and the assignee's claim may not be defeated by the application of any judicial or statutory rule of the state. The cases cited state clearly the view of the Supreme Court of the United States that the exercise, within the four-months' period, of a right created in good faith prior thereto, does not of itself render the transaction voidable as an unlawful preference.

The decree of the Chancellor will be reversed, and decree will be entered here sustaining the claim of the assignee, National Surety Company.