INEZ KIVETT, Complainant, Appellant, v. W. S. MAYES, Defendant, Appellee.—354 S. W. (2d) 492.

Eastern Section.　May 9, 1961.

Petition for Certiorari Denied by Supreme Court, July 26, 1961.

Roger Kivett, Tazewell, for appellant.

G. Howard Nevils, Tazewell, for appellee.

McAMIS, P. J. This action was brought by Mrs. Inez Kivett, as the assignee of her deceased husband, to recover $1,000.00 which the bill alleges was for money borrowed by defendant W. S. Mayes in July, 1954. The written assignment, dated January 3, 1957, bearing the signature of the deceased, J. Kyle Kivett, was filed as an exhibit to the bill.

The defendant answered the bill specifically denying that he borrowed $1000.00 from J. Kyle Kivett in July 1954, as alleged, and asserting that, since there was never any such claim or indebtedness, there could have been no assignment to complainant.

The learned Chancellor, following De Soto Hardwood Flooring Co. v. Old Dominion Table & Cabinet Co., 163 Tenn. 532, 43 S. W. (2d) 1069, dismissed the bill on the ground that complainant had failed to notify defendant of the assignment.

In the case cited the rights of third parties were involved and it was held that, in the absence of notice by the assignee to the debtor, the rights of such third parties were superior to the rights of the assignee. The Court said:

"The chancellor was correct. It has long been the law of this State that the assignment of a chose in action is not complete, so as to vest absolute title in the assignee, either as against the debtor or third persons acquiring rights, until notice of the assignment has been given to the debtor, and that an attaching creditor has

priority over an assignee where notice was not given before the fund was attached. Willis v. Mann Const. Co., 145 Tenn. 337, 236 S. W. 282; Peters et al. v. Goetz, 136 Tenn. 257, 260, 188 S. W. 1144; Dillingham v. Insurance Co., 120 Tenn. 302, 308-309, 108 S. W. 1148, 16 L.R.A. (N.S.) 220; Clodfelter v. Cox, 1 Sneed (33 Tenn.) 330, 60 Am. Dec. 157.''

An examination of the cases cited in the opinion reveals that they also involved a contest between an assignee who had failed to give notice to the debtor and third parties claiming to have derived rights from the debtor prior to notice.

Less than a year later the Supreme Court decided the case of Naill & Naill v. Blackwell, 164 Tenn. 615, 51 S. W. (2d) 835, where in an opinion by Mr. Justice Swiggart, after referring to the rule that until notice is given the debtor the title of the assignee is not complete, it was said:

''This rule is not followed by a majority of the states. See cases collected in a note to 52 A.L.R. 109. It has, however, been followed consistently by this court. Cass v. Smith, 146 Tenn. 218, 233, 240 S. W. 778; Willis v. Mann Const. Co., 145 Tenn. 318, 236 S. W. 282; Peters v. Goetz, 136 Tenn. 257, 188 S. W. 1144.

''But this court has not held that such an assignment, without notice to the debtor, is not valid and effective as between the assignor and assignee. Nor have we found any holding of this court that mere insolvency of the assignor, intervening between the making of the assignment and the giving of notice to the debtor, will

operate to prevent completion of the assignment as to all persons by the giving of notice.''

The question of the right of an assignee to sue on the assigned chose in action without first giving notice of the assignment to the debtor, under the language of this opinion, the latest on the subject, remains an open question in Tennessee. As pointed out in that opinion, the majority rule is that in an action between the parties the title of the assignee is complete without notice to the obligor. See, in addition to the cases cited in the Naill opinion, 6 C.J.S. Assignments sec. 74, page 1124.

■ In the absence of statute, an obligee has a right to assign a chose in action and the general rule is that the unqualified assignment of such right of action vests in the assignee the title thereto to the same extent as the assignor had it at the date of the assignment. Union & Planters Bank & Trust Co. v. Linden St. Christian Church, 3 Tenn.App. 540, and authorities cited.

■ There seems to us no reason to deprive the assignee of the full benefit of the assignment merely because, prior to filing suit, he failed to notify the obligor of the assignment, unless the rights of the obligor have been prejudiced or the rights of third parties have intervened. We, therefore, disagree with the holding of the learned Chancellor that the bill should be dismissed for failure to give notice.

In 1954, complainant's husband, now deceased, was County Judge of Claiborne County. Defendant and Cas Ausmus were candidates for Justice of the Peace in one of the civil districts of the County. Ausmus testified that he accompanied defendant to the office of Judge

Kivett on two different occasions to get money to be used in their election as candidates for Justice of the Peace and that on each of these occasions they each received from Judge Kivett, in cash, the sum of $500.00; that he understood the money he received was a loan and that he repaid $1,000.00 to Judge Kivett about two years later. He testified, however, that, while he thought the money received by defendant was a loan, it was obtained to be used in the election and was so used and that he did not know what the understanding was between Judge Kivett and defendant or whether defendant heard the conversation between Judge Kivett and himself as to the repayment of the money.

Complainant does not claim to have been present when defendant obtained the money from her husband and rests her claim entirely upon the testimony of Mr. Ausmus above mentioned.

Defendant admitted in his deposition that he accompanied Mr. Ausmus to the office of Judge Kivett on two occasions for the purpose of getting money to be used in the general election of 1954; that on each occasion they jointly received $500.00 or a total of $1,000.00 and were told by Judge Kivett to use it all in the election—that he was especially interested in Arthur McCullough who was a candidate for Sheriff. He says the money was jointly distributed by Ausmus and himself in paying transportation and other costs incident to the election. He positively denied that he personally borrowed any money from Judge Kivett and, as shown, his testimony is that the amounts received by both Ausmus and himself amounted to only $1,000.00.

It is not claimed that defendant signed a note or other writing when the money was received which, having regard to the footing on which loans of money are usually handled, seems inconsistent with the hypothesis of a loan.

In view of this circumstance, the vacillating nature of the testimony of Mr. Ausmus and the positive testimony of defendant, as well as undisputed proof that Judge Kivett contributed money to another candidate for Justice of the Peace, we hold that complainant failed to carry the burden of proof of showing the existence of the debt.

Accordingly, although we base our holding upon a different ground, the decree dismissing the bill must be affirmed at the cost of complainant.

Hale and Cooper, JJ., concur.