RODES *v.* HAYNES.

*(Nashville.* December 19, 1895.)

DEED IN TRUST. *Substitution of property.*

A substitution by unregistered agreement for personal property described in a trust-deed of other property of like character not mentioned therein, is void as to judgment creditors of the maker of the deed.

Cases cited and approved: Bank *v.* Ebbert, 9 Heis., 153; 10 Md., 466 (69 Am. Dec., 170); 54 Am. Dec., 595; 46 Am. Dec., 716.

43—11 P

Rodes *v.* Haynes.

Cited and disapproved: 56 Miss., 745; 55 Miss., 376; 87 Ind., 550; 20 Me., 408; 71 Me., 420; 14 Conn., 255; 31 Mich., 215.

FROM SUMNER.

Appeal from Circuit Court of Sumner County. A. H. MUNFORD, J.

J. J. TURNER for Rodes.

J. A. TROUSDALE and J. T. DURHAM for Haynes.

WILKES, J. This is a garnishment proceeding, in which judgment was rendered in the Court below against the garnishee, upon his answer admitting indebtedness, and the defendants in the original judgment have appealed and assigned errors.

The facts, so far as need be stated, are that Mrs. Haynes obtained judgment against the Rodes, had execution issued and returned *nulla bona*, and, thereupon, garnisheed Allen, who answered that he was indebted to the Rodes, and had in his hands $56.40 of their money, and judgment for the amount was thereupon entered against him, and he has not appealed. It appears that the Rodes had executed a deed of trust to White, Dudley & Co., covering, among other property, a mare. It was agreed between the mortgagors and mortgagees that the property might be sold through the Tennessee Sale Com-

pany, in foreclosure of the deed of trust.   Owing
to some mishap to the mare, she was not in condi-
tion to sell, and the mortgagors and mortgagees
agreed to substitute for her a horse, and this was
done, and the horse was sold at public sale.   To
save expenses, the horse was sold along with a lot
belonging to Allen, and in his name, and he drew
the money from the manager of the sale, and had
it in his hands when he was garnisheed.   Allen did
not know of the mortgage nor of the substitution
of the horse for the mare.   Rodes gave Parmer, the
manager, an order to pay the money to White,
Dudley & Co., but not until after it had been paid
to Allen.   He also gave the firm an order on Al-
len, but he did not receive it until after he was
garnisheed.   The contention is narrowed down to the
point whether the horse substituted for the mare, or
his proceeds, passed under the trust-deed, or other-
wise, to White, Dudley & Co.   It is insisted that,
under these facts, Allen received and held the money
for White, Dudley & Co., and it was theirs, and
not subject to garnishment as the property of Rodes,
and that, in fact and in law, the money was the
property of White, Dudley & Co.

Many authorities are cited as holding that acces-
sions to mortgaged property pass with it, and arti-
cles are held in their finished state, although mort-
gaged in their unfinished condition, and that the
young of animals pass with the dams, and that im-
provements are accessions, and ᠁ with the origi-

nal property. But none of these cases are authority in this case, where one separate piece of property is substituted for another, of the same kind. Unquestionably such a substitution would be good between the parties, but does it apply, unless registered, as against creditors or purchasers from the mortgagor? There is quite a conflict of authority upon the question. We are cited by counsel to the cases of *Marx* v. *Davis*, 56 Miss., 745; *Marx* v. *Davis*, 55 Miss., 376; *Burghoff* v. *McDonald*, 87 Ind., 550, as holding that such substitution can be properly made, and is valid. In accord with these we have found the cases of *Abbott* v. *Goodwin*, 20 Me., 408; *Allen* v. *Goodnow*, 71 Me., 420; *Holly* v. *Brown*, 14 Conn., 255; *Fowler* v. *Hoffman*, 31 Mich., 215. But the weight and current of authority is to the contrary. *Rose* v. *Bevan*, 10 Md., 466 (69 Am. Dec., 170); *Pulcifer* v. *Page*, 54 Am. Dec., p. 595, note; *Moody* v. *Wright*, 46 Am. Dec., 716, note, where the cases are collated. Also, 3 Eng. & Am. Enc. of Law, 187. We think reason and sound public policy are in favor of the latter doctrine, and to hold that substituted property can, as to third persons, be held under a deed of trust which in no way refers to it, in lieu of that embraced by its terms, would open wide a door for fraud and deceit, and can be supported on no good ground. It does not appear that the horse was actually delivered into the manual possession of White, Dudley & Co., nor is there

Rodes *v.* Haynes.

any claim of right to hold him except on the idea of substitution for the mare under the mortgage. This, we think, cannot be done, and such conclusion is in accord in principle with the holding of this Court in cases where stocks of goods are conveyed with power to sell and replenish and continue the business. *Tenn. Nat. Bank* v. *Ebbert*, 9 Heis., 153, and other cases. If the property thus substituted could not be held under the trust-deed, we can see no ground upon which its proceeds could be held in the hands of Allen, in the absence of any notice to him, before garnishment, of its transfer from the Rodes to White, Dudley & Co. If the property in Allen's hands would be subject to seizure by Rodes' creditors, so would the proceeds of such property.

We can see no error in the judgment of the Court below, and it is affirmed, with costs.