## ROBERTSON v. HENNOCHSBERG.

(District Court, W. D. Tennessee, W. D. April 16, 1924.)

1. **Bankruptcy** ⊜164, 184(1) — **Payment by bankrupt of money collected on assigned accounts held not a preference.**

An assignment of accounts by bankrupt as security for a present loan made in good faith was not invalid because the debtors were not notified, nor because bankrupt retained the accounts for collection as agent of the assignee, and payment to the assignee of sums so collected within four months prior to the bankruptcy did not constitute a preference.

2. **Assignments** ⊜57—**Notice to debtor of assignment of debt not essential as between assignor and assignee.**

As between the assignor and assignee, notice to the debtor of an assignment of the debt is not essential.

In Equity. Suit by one Robertson, trustee in bankruptcy of one Gruber, against one Hennochsberg. Decree for defendant.

Frank King, of Memphis, Tenn., for plaintiff.

Wilson, Gates & Armstrong, of Memphis, Tenn., for defendant.

ROSS, District Judge. [1] One Gruber was engaged in the tailoring business at

Memphis, Tenn. Being financially embarrassed, he applied to the bank at which defendant, Hennochsberg, was employed for a loan of $500. The collateral offered by Gruber was not such as could be accepted by the bank, but the loan was made by Hennochsberg personally. As security for the loan Gruber assigned to him certain accounts due him from customers. The accounts were examined by Hennochsberg prior to assignment, and the assignment was evidenced by a notation made on the books of Gruber by stamping thereon with a rubber stamp the fact that they had been transferred to Hennochsberg. As the accounts were paid, the money was applied on the obligation to Hennochsberg.

Gruber was duly adjudged a bankrupt. The trustee in bankruptcy, the plaintiff herein, is by this proceeding seeking to recover the amounts paid by Gruber to the defendant, on the grounds that they were paid within 4 months prior to the bankruptcy, and that a preference was created in favor of defendant. In fact, the indebtedness to Hennochsberg was paid more than 30 days before the bankruptcy proceeding.

The insistence of the trustee is that notice should have been given of the assignment of the accounts; further, that at the time of the assignment of the accounts Gruber was indebted to the extent of insolvency, and that defendant knew of a considerable portion of his indebtedness, and knew or by the exercise of reasonable diligence could have known of the insolvent condition of Gruber.

The record discloses that defendant investigated the condition of Gruber's business at the time the indebtedness to him was created and the accounts assigned, and from the investigation made honestly believed Gruber to be solvent. The indebtedness created was for a valuable present consideration. Under the circumstances, no preference was created and no notice was necessary.

[2] As between the assignor and assignee, notice of the assignment to the debtor is not essential. Peters v. Goetz, 136 Tenn. 261, 188 S. W. 1144; Clodfelter v. Cox, 1 Sneed (Tenn.) 330, 60 Am. Dec. 157; Dinsmore v. Boyd, 6 Lea (Tenn.) 689; In re Cinn. Iron Store Co., 167 Fed. 486, 93 C. C. A. 122; Union Trust Co. v. Bulkeley, 150 Fed. 510, 80 C. C. A. 328; Natl. Discount Co. v. Evans (C. C. A.) 272 Fed. 570; Greey v. Dockendorff, 231 U. S. 513, 34 Sup. Ct. 166, 58 L. Ed. 339; Sullivan v. Myer, 137 Tenn. 412, 193 S. W. 124; Carey v. Donohue, 240 U. S. 430, 36 Sup. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295; 2 R. C. L. p. 623, § 30.

The fact that Gruber retained possession of the accounts in question for collection merely created him the agent of Hennochsberg to collect the accounts and would not render the transaction void. Clark v. Iselin, 21 Wall. 360, 22 L. Ed. 568; Wharton v. Lavender, 14 Lea (Tenn.) 188; Commercial Natl. Bank v. Canal Bank, 239 U. S. 520, 36 Sup. Ct. 194, 60 L. Ed. 417, Ann. Cas. 1917E, 25; In re Leterman, 260 Fed. 543, 171 C. C. A. 327.

The burden rested upon the trustee to show that, not only was the transfer made within 4 months prior to the bankruptcy proceedings, but that at the time the bankrupt was insolvent, that the transfer was made with the intent on his part to create a preference, or under such circumstances as that Hennochsberg had reasonable cause to believe that such transfer would create a preference in his behalf, and that the effect would be to enable him to obtain a greater percentage of his debt than other creditors of the same class. Bankruptcy Act, § 60a (Comp. St. § 9644); Collier on Bankruptcy, p. 861.

The debt being for a present consideration, the accounts not having been transferred to secure an antecedent debt and the parties believing at the time Gruber was not insolvent would deprive the transaction of any preferential effect. Ernst v. Bank, 201 Fed. 664, 120 C. C. A. 92; Collier on Bankruptcy, p. 1277. See authorities cited in the case of Nat. Discount Co. v. Evans, supra.

The contention of the trustee cannot be allowed, and an order will be accordingly prepared.