Moran *v.* Adkerson *et al.*

(*Nashville*, December Term, 1934.)

Opinion filed February 23, 1935.

W. J. Smith and Earl Beasley, both of Franklin, for appellant.

R. E. Haynes, of Franklin, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

Mrs. Sarah Adkerson died in 1927. Her will was probated in the county court in February of that year, in which she named Williamson County Banking & Trust Company as her executor and bequeathed a special legacy of $2,500 to this banking company in trust for Martha Harold, and provided that the residue of her estate, after payment of debts, be paid to her three children, of whom George M. Adkerson was one. It was found necessary, in the course of the administration, to sell certain real estate which she owned, and under a bill filed by one of the children a sale was had and this real estate was converted into cash. This sale was had on the 10th of September, 1928, one-third, $1,425, of the sale price of $4,025 being paid in cash to the clerk of the court, T. E. Tansil, and two notes of $1,300 each being given for the balance. The sale was confirmed by decree of the court on the 17th day of September.

Thereafter, on the 19th of September, 1928, George M. Adkerson made a transfer in writing of his interest in his mother's estate to his son, B. O. Adkerson, this writing being as follows:

"For and in consideration of the sum of Two Thousand ($2,000.00) Dollars, cash paid to me by B. O. Adkerson, I, the undersigned, G. M. Adkerson, have sold to the said B. O. Adkerson all my interest of every kind in the estate of my mother, Mrs. Sarah Adkerson, which is now

being administered by Williamson County Banking & Trust Company, of Franklin, Tennessee, as executor of the last will of said Mrs. Sarah Adkerson, and I authorize the said B. O. Adkerson to collect and receipt for all of my interest in the said estate of my mother.

"Witness my hand this the 19th day of September, 1928."

Notice thereof was served on the same day on the Executor Banking Company and accepted in these words: "We hereby accept notice of the above transfer and conveyance. Williamson County Banking & Trust Co., Executor of Mrs. Sarah Adkerson: By W. W. Campbell, V. P.' And on the same day this paper writing, having been duly acknowledged, was recorded in the register's office of the county.

The bill in this case was filed in the chancery court on the 25th day of September following, setting up a judgment obtained by complainant, Moran, against George M. Adkerson in 1919, which had never been satisfied. *Nulla bona* returns of executions and fraud and lack of consideration for the transfer above described were charged, and an attachment and injunction prayed. The cause was heard on a written stipulation of facts under which it is conceded that the determinative question between the complainant, on the one hand, and B. O. Adkerson, the transferee, assignee, or grantee, on the other, is that of priority, specifically, whether or not such notice of this transfer or assignment to B. O. Adkerson as the law requires was given before the filing of the attachment bill in this cause.

The chancellor held that the notice to the executor met the requirements of the Tennessee rule under which notice of assignments of choses in action must be given

the debtor (*Clodfelter* v. *Cox,* 1 Sneed, 330, 60 Am. Dec., 157, and following cases), and dismissed the bill.

It is urged here that this was error, that (1) the instrument is an assignment of a chose in action, ineffective against attaching creditors, without actual notice to the debtor; that (2) registration of choses in action is not provided for by our statutes, and that the registration of the assignment herein was therefore not notice; and that (3) the executor was not the debtor, or otherwise the proper party to be given notice, it being suggested that the clerk of the court, holding the funds, was such party, and that effective notice could have been given by filing said transfer or assignment in the case in which said fund was being held *in custodia legis.*

■ It will be observed that when this transfer was made there had been a confirmation of the sale and consequently a completed conversion of the land passing to the Adkerson children (whether under the will, or as heirs at law being immaterial) into personalty, and it may be conceded to counsel for complainant that if, as insisted, what we have here is an assignment of choses in action, the registration of the paper writing was ineffectual as constructive notice under our registration statutes. *Allen* v. *Bain,* 2 Head, 100, and other cases cited in Williams, Code Annotations, under section 7621.

■ It is the settled rule in this state that assignments of choses in action are not effective as against either the debtor or an intervening creditor, without notice to the debtor. In our leading case so holding of *Clodfelter* v. *Cox,* 1 Sneed, 330, 60 Am. Dec., 157, repeatedly followed, the subject-matter was a judgment, and, even though that assignment was made under seal and spread on the minutes of the court, it was held ineffective as

against an attaching creditor. The subject of the controversy here, an undivided interest in the proceeds of the sale of the land, had not been decreed to the assignor, but was within the general definition of choses in action, "a right to receive, or recover, a debt, or money." Baldwin's Bouvier.

■■ Conceding that the priority right of the assignor over the attaching creditor, the complainant, depends on a showing of actual notice to the debtor, the question presented is, Was the executor the "debtor" in the sense of the rule? In whom, upon the consummation of conversion of the realty into personalty, did the title to the fund vest, pending distribution of the fund? The possession of the money and notes was with the clerk of the court, *in custodia legis*, but he was at most a mere stakeholder, subject to the future orders of the court, and the decree of confirmation, after providing for the payment from the fund of costs and taxes and certain legal fees, so provided.

Perhaps, in a strict sense, we have here no "debtor"; that is, "one who owes a debt." The fund was a gift from a departed donor, in the custody of a court upon whom rested the obligation of its rightful distribution. But it can hardly be said that the relation of debtor and creditor existed between the court, or its clerk, and a party to whom the fund might, in due course, be awarded. Notice given to a clerk was held in *Peters* v. *Goetz,* 136 Tenn., 257, 188 S. W., 1144, where the fund had been paid into court, not to be notice to the debtor. And in *Daniels* v. *Pratt,* 6 Lea, 443, it was held, as in *Clodfelter* v. *Cox, supra,* that the entry of the assignment or transfer on the minutes of court, in the case wherein a judgment had been obtained, was not a compliance with the rule re-

quiring notice to the debtor. It was said that notice should have been given to the defendant railroad company against whom the judgment had been entered.

If the rule requiring notice to the debtor to complete an assignment or transfer of a chose in action is applicable in the instant case at all, to whom then should this notice be given? Not to the court or to its clerk, as we have seen. The source of the fund was the deceased mother. By will she had named the Williamson County Banking & Trust Company as her representative. Conceding, but not deciding, the necessity that notice be given to make this assignment effective, to whom else could this notice have been more appropriately given?

Not only is it well settled that proceeds of land, after confirmation of sale, are personalty, but also that the right to the fund is in the personal representative of the decedent, here the executor of Mrs. Adkerson, Williamson County Banking & Trust Company. *Jones* v. *Walkup*, 5 Sneed, 135; *Rogers, Adm'r*, v. *Clark et al.*, 5 Sneed, 665; *Cowden* v. *Pitts*, 2 Baxt., 59; Sizer's Pritchard on Wills, par. 611, and cases cited, and see paragraph 644 et seq. of same work for a discussion of the broad and exclusive powers and rights of a personal representative. The relationship thus· arising between this residuary legatee, George M. Adkerson, and this executor was therefore somewhat analogous to that between a creditor and his debtor, and, if the requirement of notice is applicable on the facts of this case at all, notice to the executor would seem most nearly to meet this requirement. We therefore find it necessary to affirm the decree of the chancellor.