In re Charles E. YATES, Debtor.

Thomas H. DICKENSON,
Trustee, Plaintiff,

v.

THIRD NATIONAL BANK, Defendant.

Bankruptcy No. 3–84–01908.
Adv. No. 3–85–1155.

United States Bankruptcy Court,
E.D. Tennessee.

Feb. 6, 1986.

Thomas H. Dickenson, Knoxville, Tenn., pro se.

Ayres & Parkey, James A. Matlock, Jr., Knoxville, Tenn., for defendant.

MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

This is an adversary proceeding involving disputed claims to a prepetition judgment held by the debtor. The Third National Bank (Bank) asserts an assignment of the judgment to the Bank by the debtor. Asserting his rights under 11 U.S.C.A. § 544(a) (West Supp.1985), the trustee contends the Bank did not notify the judgment debtor of the assignment as required by state law, hence the assignment was not perfected. Written stipulations have been filed.

I

The stipulated facts are as follows:

(1) On or about May 11, 1984, the debtor, Charles Yates, obtained a judgment in the amount of $3,500.00 against Gary Garner in the General Sessions Court for Knox County, Tennessee. On November 29, 1984, the debtor recorded the judgment in Loudon County.

(2) On July 3, 1984, the Bank obtained a judgment against the debtor in the Knox County General Sessions Court. This judgment was recorded in Knox County on October 5, 1984, and in Loudon County on October 9, 1984.

(3) On July 31, 1984, the debtor assigned the Garner judgment to the Bank as security for the payment of the debtor's note to the Bank. The assignment was not recorded by the Bank or the debtor.

(4) On January 8, 1985, the debtor filed a petition in bankruptcy.

(5) In May 1985, the debtor's judgment against Gary Garner was satisfied. By agreement of the parties, $2,848.50 was turned over to the trustee pending determination of the rights of the parties. (An attorney's lien was deducted from the amount turned over.)

II

In *Robby's Pancake House of Florida, Inc. v. R.K. Walker (In re Robby's Pancake House of Florida, Inc.)* 24 B.R. 989, 1001 (Bankr.E.D.Tenn.1982), *aff'd, Robby's Pancake House of Florida, Inc. v. Warren Brothers Co.,* (No. 3–83–57 E.D.Tenn. Mar. 29, 1983), this court, inter alia, stated:

A chose in action, absent a statutory prohibition, is assignable. *Kivett v. Mayes,* 49 Tenn.App. 272, 354 S.W.2d 492 (1961), *cert. denied.* The assignment of a chose in action is not within the registration laws. *See* Tenn.Code Ann. § 66–24–101 (1982) and Tenn.Code Ann. § 47–9–104 (1979). However, a debtor must be notified of an assignment prior to service upon the debtor of an attachment or garnishment to entitle the assignee to priority vis-a-vis the attaching creditor. *Moran v. Adkerson,* 168 Tenn. 372, 79 S.W.2d 44 (1935); *Rodes v. Haynes,* 95 Tenn. 673, 33 S.W. 564 (1895); *Clodfelter v. Cox,* 33 Tenn. (1 Sneed) 330 (1853); *Union Livestock Yards, Inc. v. Merrill Lynch,* 552 S.W.2d 392 (Tenn.Ct.App. 1976), *cert. denied.*

The court concludes that Standard Glass is entitled to priority from the date it gave notice to Robby's (i.e. February 13, 1979).

In the *Robby's* proceeding, the attorney for the assignee, Standard Glass, notified the attorney for the judgment debtor of its assignment, thereby securing its right as against subsequent levying creditors.

In the proceeding before this court, while acknowledging the rule that under Tennessee law assignments of choses in action are not entitled to priority as against intervening creditors absent notice to the debtor of the assignor, the Bank contends that the cases relied upon by the trustee did not involve a bankruptcy trustee, and that those cases [1] do not "discuss the question as to whether the trustee has the rights of an intervening creditor, or merely steps

---

1. *Robby's Pancake House of Florida, Inc., supra; Moran v. Adkerson,* 168 Tenn. 372, 79 S.W.2d 44 (1935); *Union Livestock Yards, Inc. v. Merrill* Lynch, 552 S.W.2d 392 (Tenn.Ct.App.1976), *cert. denied.*

into the shoes of the bankrupt debtor."[2] The Bank insists 11 U.S.C.A. § 541 (West 1979 & Supp.1985) controls the decision in this case and that the right to realize upon the judgment is not property of the debtor's estate.

The Bank's position is neither supported by the provisions of the statute nor by case law. Section 541 defines property of the estate, specifying what property becomes property of the estate: "all legal or equitable interests of the debtor [with exceptions immaterial] in property as of the commencement of the case," wherever located and by whomever held. Sections 544, 547, and 548 set forth the extensive powers of the trustee to set aside preferential or fraudulent transfers, or transfers otherwise voidable under applicable state or federal law when the debtor would be estopped to do so. Section 544(a) is characterized as the trustee's "strong-arm" clause. Section 544(a) gives the trustee the rights of a creditor on a simple contract with a judicial lien on the property of the debtor as of the date of the petition; of a creditor with a writ of execution against the property of the debtor unsatisfied as of the date of the petition; and a bona fide purchaser of the real property of the debtor as of the date of the petition. See 4 *Collier on Bankruptcy* § 544.02 (15th ed. 1985). Thus the question before the court is whether a judicial lien creditor could prevail over the assignment held by the Bank. The cases cited in *Robby's* clearly indicate that in Tennessee the judicial lien creditor would prevail, the Bank having failed to notify the judgment debtor prior to the filing of the petition in bankruptcy.[3]

Judgment for the plaintiff. This Memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

---

**2.** Brief on Behalf of Third National Bank at 4.

**3.** See also *Dillingham v. Traders' Ins. Co.,* 120 Tenn. 302, 308–09, 108 S.W. 1148, 1150 (1908) wherein the court states:

It is well settled that an assignment of a chose in action is not complete, so as to vest title absolutely in the assignee, until notice of the assignment to the debtor; and this is so, not only as it regards the debtor, but likewise as to third persons. So an attachment by a creditor in the period intervening between the assignment and the notice will have preference over such assignment. *Clodfelter v. Cox,* 1 Sneed, 330, 60 Am.Dec. 157. It is conceded that, when the attachment by garnishment was served in the present case, the assignment of this indebtedness by the Traders' Insurance Company to Byron L. Smith, receiver, had not been perfected by notice to the resident agents of the company in Tennessee; and, if the attachment is valid, it will take precedence over the assignment.

But see *Beiser v. West German Bank (In re Cincinnati Iron Store Co.)* 167 F. 486 (6th Cir.1909) (because validity of assignment was not dependent upon notice to debtors of the assignor, bankruptcy trustee could not defeat assignment to bank creditor) and *Robertson v. Hennochsberg,* 1 F.2d 604 (W.D.Tenn.1924) (bankruptcy trustee could not avoid assignment of accounts on basis that no notice of assignment was given to the account debtors). *Cincinnati Iron Store,* an Ohio case decided upon equitable principles, preceded the 1910 amendment giving a trustee in bankruptcy the rights of a lien creditor. See 4B *Collier on Bankruptcy* ¶ 70.47[1] (14th ed. 1978). The "strong-arm" clause rights of the trustee were not addressed in *Robertson v. Hennochsberg.*