# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 18, 2013 Session

## ACTION CHIROPRACTIC CLINIC, LLC v. PRENTICE DELON HYLER, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 12C3664      Hamilton V. Gayden, Jr., Judge**

---

**No. M2013-01468-COA-R3-CV - Filed February 12, 2014**

---

Chiropractic clinic which provided services to party injured in an automobile accident brought action against the injured party, who had assigned the proceeds of his claim against tortfeasor to the clinic in payment of the services, and the tortfeasor's liability insurer, which did not honor the assignment. The trial court granted summary judgment to the insurer holding that: the victim did not have any rights relative to the insurance provider; the insurance policy required written consent for an assignment and there was no evidence of such consent; there was no privity between the clinic and the insurance provider; the clinic was not a beneficiary of the insurance policy; and the suit was a direct action against an insurance company which is prohibited by Tennessee law. The clinic appeals. Finding no error, we affirm the grant of summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

John P. Williams, Nashville, Tennessee, for the appellant, Action Chiropractic Clinic, LLC.

Gary Brewer, Nashville, Tennessee, for the appellee, Prentice Delon Hyler and Erie Insurance Exchange.

## OPINION

## I. PROCEDURAL HISTORY

This appeal arises as a result of an automobile collision between Prentice Hyler ("Hyler") and William Burnette, Jr., ("Burnette") which occurred on October 24, 2011; the

accident was caused by Burnette. At the time of the accident, Erie Insurance Exchange ("Erie") provided liability coverage for Burnette's automobile, with Burnette and his wife as the named insureds.

Hyler was injured in the accident and received medical treatment at Action Chiropractic Clinic, LLC, ("Action") beginning on October 31, 2011; on that date Hyler executed an Assignment of Rights to Action for medical expense allowable and payable to him from his "Health Insurance, Auto Insurance, or any other party involved." When Hyler's treatment ended Action sent Erie a copy of the assignment. In March 2012, Erie and Hyler settled Hyler's claim, as a result of which Erie sent Hyler a check for $8,510.00 and Hyler executed a General Release of his claims against Erie and the Burnettes. On May 23, Action sent Erie a letter demanding that Erie honor the assignment and pay Action $5,010.00; Erie did not remit payment.

On June 21, 2012, Action filed a civil warrant in Davidson County General Sessions Court against Hyler and Erie asserting the following causes of action:

> [B]reach of contract, non-payment of insurance benefits, non-payment of a properly served and noticed assignment of benefits or lien, non-compliance of insurance laws, failure to pay for services provided, criminal mis-use of insurance money, theft of services, court costs, Attorney's fees, service fees, private investigator fees/costs, treble damages for fraudulently absconding with insurance money, outstanding chiropractic bills totally [sic] $5,010.00.

On August 2 Erie filed an application to remove the case to Circuit Court in accordance with Tenn. Code Ann. § 16-15-732, stating, *inter alia*:

> Plaintiff seeks to enforce an assignment of benefits executed by one of its patients against Erie pursuant to Tennessee Code § 56-7-120, however, Erie has many defenses to the applicability of § 56-7-120, including, but not limited to, that it only applies between insureds and their carriers, that it does not apply to the type of benefits claimed by Plaintiff, that the specific language of the policy at issue prohibits assignments such as the one claimed by Plaintiff, and that the alleged assignment does not and cannot legally assign the claimed benefits.

With Action's consent an order was entered removing the case on August 27.

On December 4 Erie filed a motion for summary judgment supported by a statement of material facts which had been stipulated to by the parties[1]; Action filed its response.[2] The court heard the motion on March 22, 2013, and on April 23 entered its order granting Erie's motion, holding that: (1) Hyler had no vested rights against Erie when he executed the assignment to Action; (2) the insurance policy required written consent to the assignment of any rights thereunder and there was no evidence of such consent; (3) there was no contractual privity between Action and Erie; (4) Action was not a third party beneficiary of the policy; and (5) the suit was a direct action against an insurance company which is prohibited by Tennessee law.

Erie filed a motion to certify the order as a final judgment pursuant to Tenn. R. Civ. P. 54.02; Action opposed the motion, stating that the court failed to address two issues: (1) whether Hyler had a right under Tenn. Code Ann. § 56-7-120 to assign insurance benefits to Action and, if so, whether Erie violated the statute by not honoring the assignment, and (2) whether Tennessee common law allowed Hyler to assign to Action the money he expected to receive from Erie for medical services rendered to him. The court entered an amended and supplemental order on June 4; the court certified the order as final on June 5 and Action filed its notice of appeal on June 21.

Action contends that the assignment of rights was "valid" under Tenn. Code Ann. § 56-7-120(a)(1) and common law; that Hyler could assign his rights to Action despite the language regarding assignments in the automobile insurance policy; and that "public policy favors the assignment of benefits to a health care provider by an injured party." Action also contends that the assignment is "valid" despite a lack of contractual privity with Erie and that it can sue Erie directly even though Tennessee is not a "direct action" state.

## II. DISCUSSION

This case was resolved on a motion for summary judgment, which is an appropriate vehicle for resolving a case where a party can show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The parties do not contend that a genuine issue of material fact exists. Consequently, the issue before this court is a question of law which we review *de novo*,

---

[1] Attached to the stipulation of facts were: a copy of the assignment executed by Hyler on October 31, 2011; a copy of the insurance policy issued by Erie to Burnette; a copy of the General Release signed by Hyler; a copy of a letter from Erie to Hyler dated March 6, 2012; and a copy of a letter from Action to Erie dated May 23, 2012, requesting payment of the unpaid balance of Hyler's bill.

[2] Attachments to Action's response included the depositions of Erie employees Kelly Azpurua and Angie Smith; Tennessee Attorney General's Opinion No. 09-10; and Chapter 365 of the Public Acts of 2009.

affording no presumption of correctness to the trial court's conclusions. *Draper v. Westerfield*, 181 S.W.3d 283, 288 (Tenn. 2005); *Eadie v. Complete Co., Inc.*, 142 S.W.3d 288, 291 (Tenn. 2004).

The facts pertinent to this appeal, set forth in the statement of material facts, are as follows:

1. Defendant Prentice Delon Hyler was involved in a motor vehicle accident with one of Erie's insureds, William Burnette, Jr., on October 24, 2011.

2. Defendant Hyler did not have a policy of insurance with Erie on October 24, 2011.

3. ACC [Action Chiropractic Company] did not have a policy of insurance with Erie on October 24, 2011.

4. ACC provided healthcare to defendant Hyler as a result of the October 24, 2011 motor vehicle accident.

5. As consideration for the healthcare provided and in order to satisfy any payment owed, on October 31, 2011 defendant Hyler executed an Assignment of Rights to ACC for "medical expense benefits allowable, and otherwise payable," to defendant Hyler by his "Health Insurance, Auto Insurance, or any other party involved."

7. Defendant Hyler incurred charges for the healthcare provided by ACC and still has an outstanding balance of $5,010.00.

8. Erie's insured, William Burnette, Jr., had an auto insurance policy with Erie, policy number Q09-1308506, that provided liability coverage to him for the October 24, 2011 motor vehicle accident.

10. On or about January 18, 2012, Erie received for the first time a copy of the Assignment of Rights executed by defendant Hyler .

11. As consideration for payment of $8,510.00, on March 1, 2012, defendant Hyler executed a General Release releasing all of his claims against Erie and its insured arising out of the October 24, 2011 motor vehicle accident.

4

13. On March 6, 2012, Erie mailed defendant Hyler a check for $8,510.00 with a cover letter stating:

> As previously advised, Erie does not pay medical providers or reimburse health insurance carriers directly. You will be responsible for handling any balance or reimbursements out of this settlement check.

15. By letter dated May 23, 2012 ACC demanded that Erie honor the Assignment of Rights executed by defendant Hyler, and in support of its demand ACC provided a document prepared and/or approved by ACC interpreting Tennessee Code Annotated § 56-7-120.

17. ACC has not received any payments towards defendant Hyler's current balance of $5,010.00.

The assignment at issue states the following:

For the treatment provided, I hereby require my Health Insurance, Auto Insurance, or any other party involved to pay by check and mail directly to:

> Action Chiropractic
> 6410 Charlotte Pike, Ste. 101
> Nashville, TN 37209
> 615-356-4656

For the medical expense benefits allowable, and otherwise payable to me under the current Insurance Policy, as payment toward the total charges for Professional Services rendered. This payment will not exceed my indebtedness to the above mentioned assignee, and I agree to pay, in a current manner, any balance of said Professional Service charges over and above this insurance payment.

If the current policy prohibits direct payment to the doctor, then I hereby authorize you to make the check to me and mail it directly to my doctor: c/o
> Action Chiropractic
> 6410 Charlotte Pike, Ste 101
> Nashville, TN 37209
> 615-356-4656

THIS IS A DIRECT ASSIGNMENT OF RIGHTS AND BENEFITS UNDER THIS POLICY AND INCLUDES ALL RIGHTS TO COLLECT BENEFITS DIRECTLY FROM THE RESPONSIBLE INSURANCE COMPANY.
* * *
Date: 10-31-11
Name of Policy Holder: Erie
Signature of Claimant: Erie /s/ Prentice D. Hyler
Witness: [illegible]

## A. STATUTORY RIGHT OF ASSIGNMENT[3]

Tenn. Code Ann. § 56-7-120(a) states:

(1) Notwithstanding any law, rule, or regulation to the contrary, whenever any policy of insurance issued in this state provides for coverage of health care rendered by a provider covered under title 63[4], the insured or other persons entitled to benefits under the policy shall be entitled to assign these benefits to the healthcare provider and such rights must be stated clearly in the policy. Notice of the assignment must be in writing to the insurer in order to be effective; provided, however, such notice can be provided by other means if it is so stated in the policy.

(2) If a property and casualty insurance policy includes a specified medical expense benefit payable without regard to fault, but does not permit assignment of the benefit, the insurer must establish a process that, when requested by the insured, the insurer shall disburse funds in the names of the

---

[3] Action raises as a separate issue that "public policy favors the assignment of benefits to a health care provider by an injured party" and, accordingly, that Hyler's assignment of the insurance proceeds he might receive from Erie is not void as a matter of public policy. As noted in *Taylor v. Beard*:

> This Court has long recognized that it has a limited role in declaring public policy and has consistently stated that "[t]he determination of public policy is primarily a function of the legislature," but that the judiciary may determine "public policy in the absence of any constitutional or statutory declaration."

*Taylor v. Beard*, 104 S.W.3d 507, 511 (Tenn. 2003) (citing *Alcazar v. Hayes,* 982 S.W.2d 845, 851 (Tenn.1998)). Tenn. Code Ann. § 56-7-120 reflects the Legislature's determination with respect to the assignment of benefits pertinent to the facts of this case; consequently, we address the substance of the separate issue in our analysis of the statutory right of assignment.

[4] The practice of chiropractic medicine is governed by Tenn. Code Ann. § 63-4-101, et seq.

6

insured and the health care provider as joint payees. Disbursement shall be subject to terms and conditions under the issued insurance policy.

Action asserts three reasons that the assignment meets the requirements of Tenn. Code Ann. § 56-7-120(a)(1) and gives Hyler the right to assign benefits that he might receive from Erie: (1) the policy covers medical services rendered to persons who suffer an injury as a result of an automobile accident caused by an insured person; (2) Action's chiropractor, Dr. Casey Bearden, is a provider covered under Chapter 4 of Title 63; and (3) the statute allows persons other than the named insured to assign benefits to the provider of medical services.[5] Erie contends that Hyler has no statutory right of assignment because § 56-7-120(a)(1) applies only to health insurance policies and § 56-7-120(a)(2) only applies to the relationship between the insurer and the insured. The dispositive question, as we consider the statute, is whether Hyler, who is not a named insured under the policy, is a "person entitled to benefits under the policy" within the meaning of the statute.

The policy is a Family Auto Insurance Policy in which William and Rebecca Burnette are the named insureds. In the "Liability Protection" portion of the policy, Erie promises to provide liability coverage for bodily injury and property damage caused by "Anyone we protect", which is defined as:

1. "you" or any "relative" using an "auto we insure;"
2. any person using, or any person or organization legally responsible for the use of, an "owned auto we insure." This use must be with "your" permission unless the use is by a "relative;" and
3. any person or organization legally responsible for the use, by "you" or a "relative," of any "nonowned auto." This protection applies only if the person or organization does not own or hire the vehicle being used.

The stipulations and depositions of record do not show that Hyler was a relative of either of the named insureds or that the automobile he was driving was insured by Erie; neither is there evidence that Burnette executed any document or took any action to assign

---

[5] Action relies in part on an opinion dated February 2, 2009, wherein the Tennessee Attorney General opined that Tenn. Code Ann. § 56-7-120(a), as then worded, applied to all types of insurance policies which provided coverage for services rendered by health care providers, including automobile and general liability policies. The Attorney General based its opinion on the language in the statute which stated that "whenever *any policy of insurance issued in this state* provides for coverage of healthcare rendered by a provider covered under title 63. . .". Tenn. Code Ann. § 56-7-120(a) was amended effective June 5, 2009; the amendment designated the then existing subsection (a) as subsection (a)(1) and added subsection (a)(2). For the reasons set forth hereinafter, the Attorney General's opinion is not dispositive of the issues presented in this case.

his benefits to Hyler or Action, to the extent he may have been able to do so. There is nothing in the record from which we can conclude that Hyler is "a person entitled to benefits under the policy" as that term is used in the statute.

### B. COMMON LAW RIGHT OF ASSIGNMENT

Relying on cases which hold that an injured party has a common law right to assign the proceeds of a personal injury claim, Action contends that the assignment is "valid" under Tennessee law. While we agree that Hyler could assign the proceeds of his claim against Burnette to Action, we do not agree that Erie was obligated to honor the assignment.

A party's right to assign various choses in action[6] has long been implicitly recognized in Tennessee common law. *Clodfelter v. Cox,* 1 Sneed 330 (Tenn. 1853), was an action in which a judgment was assigned to two creditors of the judgment holder[7]; a third creditor of the judgment holder issued a garnishment on the judgment debtor, who then filed an interpleader and paid the funds into court. The trial court held that the right of the judgment holder's assignees was not perfected because notice of the assignment was not given to the judgment debtor and that the garnishment should therefore be satisfied. On appeal, our Supreme Court affirmed the holding that the right of the assignee was not perfected but reversed the case on the ground that the remedy of garnishment was not applicable in the case; in its ruling, the Court did not question the right to assign the judgment.

Similarly, in *Moran v. Adkerson*, 79 S.W. 2d 44 (Tenn. 1935), the Supreme Court affirmed the trial court's holding that notice of the assignment of a beneficiary's interest in an estate which was given to the executor was sufficient to satisfy the requirement that the debtor be given notice of the assignment; again, the court did not question the right to assign the chose in action.[8] More recently, the court in *In Re Webb*, 187 B.R. 221 (Bankr. E.D. Tenn 1995), was called upon to apply Tennessee law in a bankruptcy proceeding filed against creditors who had received assignments from the debtors of proceeds from the debtors' personal injury action. The court held that the question of the enforceability of the assignments was dependent on the sufficiency of notice of the assignments given to the parties obligated to pay, i.e., the defendants in the personal injury lawsuit. In its ruling, the

---

[6] Chose in action is defined as the right to bring an action to recover a debt, money, or thing. BLACK'S LAW DICTIONARY (9th ed. 2009).

[7] The creditors were persons who had endorsed some notes for the judgment holder.

[8] The "chose in action" in *Moran* was the beneficiary's right to recover his inheritance.

court cited a long line of Tennessee cases discussing the right to assign a chose in action.[9] The court did not question the debtors' right to make the assignment.

"An assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which the assignor's right to performance by the obligor is extinguished in whole or in part and the assignee acquires a right to such performance." Restatement (Second) of Contracts § 317 (1981). Consequently, while Hyler had a common law right to assign his chose in action–the proceeds of his claim against Burnette–to Action to pay for his treatment, Action's rights were no greater than Hyler's. As noted earlier, Hyler was not a named insured or within the "Anyone we protect" class of persons covered by the policy and there is no evidence that Burnette, who was the named insured, took any action to assign his benefits under the policy to Hyler or Action. Consequently, Hyler had no rights against Erie he could assign to Action and Erie was not obligated to honor the assignment as demanded by Action.

## C. PRIVITY BETWEEN THE PARTIES

Action also contends that the assignment is valid and, thereby, enforceable against Erie despite a lack of contractual privity; Action argues that, "because there will never be privity between the medical provider and the insurance company", lack of privity should not be the basis for refusing to honor the assignment. We respectfully disagree.

Action cites no authority in support of its contention and we have been able to find none. An insurance contract is a personal contract between the insured and the insurer. *John Weis, Inc. v. Reed*, 118 S.W.2d 677 (Tenn. Ct. App. 1938). An assignment is, as noted previously, an expression of the assignor's intent to convey to another party the assignor's right to performance. In this case, Burnette, the insured, and Erie, the insurer, are the parties to the insurance contract; it is Burnette that has the right to Erie's performance and there is nothing in the record to show that Burnette has conveyed this right. Hyler assigned his right to the proceeds of his claim against Burnette; Hyler has no claim or right to performance against Erie and, therefore, nothing to assign relative to Erie.

---

[9] *Moran v. Adkerson*,79 S.W.2d 44 (Tenn. 1935); *DeSoto Flooring Co. v. Old Dominion Table & Cabinet Works*, 43 S.W.2d 1069 (Tenn. 1931); *Clodfelter v. Cox*, 33 Tenn. 330 (Tenn. 1853); *Union Livestock Yards, Inc. v. Merrill Lynch, Pierce, Fenner & Smith*, 552 S.W.2d 392 (Tenn. Ct. App.1976); *Kivett v. Mayes*, 354 S.W.2d 492 (Tenn. Ct. App. 1961); *In re Expressco, Inc.*, 99 B.R. 395 (Bankr. M.D. Tenn. 1989); *In re Yates*, 58 B.R. 257 (Bankr. E.D. Tenn. 1986); and *In re Robby's Pancake House of Florida, Inc.*, 24 B.R. 989 (Bankr. E.D. Tenn. 1982). Some aspect of notice of the assignment was the primary issue in each of these cases; the existence of the right to assign was not questioned.

## D. ACTION'S SUIT AGAINST ERIE

Action next contends that the trial court erred in holding that it could not bring suit notwithstanding the fact that Tennessee is not a "direct action" state.[10] Action argues that once Erie decided to pay Hyler's medical expenses and received the assignment, Erie was obligated to honor the assignment and Action can maintain suit for Erie's failure.

As an initial matter, we address Action's contention that its suit as against Action is not a direct action. The duties, rights and liabilities of the parties in this case evolve from the liability insurance policy and Action's claim against Erie seeks to enforce a duty which it contends arises from the policy; in this manner it is a suit against "the liability insurance carrier of the defendant who allegedly caused the harm," i.e., a direct action. *See Patton*, 242 S.W.3d at 792. Action's contention to the contrary is unavailing.

The record shows that, in exchange for Hyler's execution of a release of his claim against the Burnettes and Erie, Erie sent Hyler a check for $8,510.00 with the advice that Erie "does not pay medical providers directly" and that Hyler would be responsible for paying his bill from the payment sent to him. Erie's check to Hyler satisfied in part its obligation to pay the sums that the Burnettes were obligated to pay on account of the accident, specifically, the sums incurred by Hyler for his medical treatment. Again, Erie's only obligation was to indemnify its insured (Burnette), and Erie had no obligation to either Hyler or Action independent of the responsibility to the Burnettes; in the absence of such obligation, Erie was not bound to honor the assignment.

## E. ASSIGNMENTS UNDER THE POLICY

Action lastly asserts that the language in the policy requiring Erie's consent to any assignment of benefits[11] does not prevent Hyler from assigning his rights to Action because "Hyler was not a party to the contract of insurance . . . never agreed to this or any other language in this insurance policy . . . Erie cannot bind third parties who are not parties to the contract of insurance by placing such language in the policy." While we agree that Hyler's ability to assign the proceeds of his claim against Burnette is not constricted by the language in the policy, we disagree with Action's contention that, as a result, Erie must honor the assignment. As we held earlier, Hyler was not an insured or entitled to benefits under the

---

[10] In a "direct action" a plaintiff is allowed to sue the liability insurance carrier of the defendant who allegedly caused the harm. Tennessee is not a direct action state. *See Patton v. Estate of Upchurch*, 242 S.W.3d 781 (Tenn. Ct. App. 2007).

[11] The pertinent policy language states: "Interest in this policy may be transferred only with 'our' written consent. 'We' may require evidence that all 'Named Insureds' approve the assignment."

policy and the record does not otherwise show that he had any right to have Erie perform any duty arising from the insurance policy, including a duty to honor the assignment.[12]

## III. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE

---

[12] We disagree with Action's premise that Erie relied on the policy language in refusing to honor the assignment. An exhibit to Ms. Azpurua's deposition shows that Erie responded to Action's request for payment in a letter dated June 12, 2012, showing that it did not rely on the language in the policy quoted above in not honoring the assignment:

> Prentice Hyler is not an ERIE insured under our policy, but is a claimant that presented a Bodily Injury Claim.

> ERIE's understanding of the T.C.A. 56-7-120 Assignment of Benefits to Health Care Providers Statute, which you reference in your letter, only applies to health care insurance and/or No-Fault Medical Payments benefits. The claimant, Prentice Hyler, was not a passenger in our insured vehicle and not entitled to Medical Payments benefits.

> Erie Insurance, as a third-party Liability insurer, has resolved any and all claims with Mr. Hyler. Therefore, Action Chiropractic, as a third party provider, will need to contact Mr. Hyler directly for payment recovery of any unpaid bills.

> Action Chiropractic Clinic would not be entitled, as third-party provider, to payment from ERIE's policy or otherwise entitled to payment directly under the Tennessee Statute.

11